### BEHRMANN v. MARCUS.

(Supreme Court, Appellate Term. February 11, 1907.)

BROKERS—COMPENSATION—EVIDENCE OF SERVICES.

     A real estate broker cannot recover compensation for his services to the owner, unless he has procured a purchaser ready and able to buy on the terms laid down by the owner.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 69–81.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by John H. Behrmann against Samuel Marcus. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Abraham H. Herrick, for appellant.
Willoughby B. Dobbs, for respondent.

MacLEAN, J. The stories of the parties differ in details. Neither sustains the recovery of judgment for a commission. In some ways the more favorable is that of the plaintiff who and whose witnesses testified that the defendant came in the morning of the 12th or 13th of last December, saying he had an option on a corner in the Bronx on which he could do business, if closed at the latest at 3 o'clock that afternoon, and that, if he got $9,250, he would give the plaintiff $150. There was some talk about what payments would be needed. The plaintiff saw his customer, one Houlihan, and all three, with Houlihan's lawyer, went to some place in Allen street, the office of the owners' attorney, from whom they learned the terms, which Houlihan endeavored to meet with the assistance of all; but this he could not do, though he and his lawyer and both parties worked for hours, and the attorney waited until 7 o'clock in the evening, as the terms included a down payment of $1,000, and the most produced was a "roll of bills" of unverified amount and a certified check for $500, which the attorney declined to take and which a neighboring bank refused to cash at its face. Thus the transaction dropped, upon the failure of the plaintiff to produce a purchaser ready and able to buy the property upon the terms laid down by the sellers. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.